Brian J. Brazier, Esq. (SBN: 245004)
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
brian@pricelawgroup.com
*Attorneys for Plaintiff,*
*J'Vaughn Aubry*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J'VAUGHN AUBRY,<br><br>        Plaintiff,<br><br>v.<br><br>JORA, INC.; and JORA CREDIT HOLDINGS, LLC,<br><br>        Defendants. | **Case No.**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. §227<br>2. RFDCPA, Cal. Civ. Code §1788 *et seq.*<br>3. Invasion of Privacy - Intrusion Upon Seclusion<br>4. Exemplary damages, Cal. Civ. Code §3294(a) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff J'Vaughn Aubry ("Plaintiff"), by and through her attorneys, alleges the following against Jora Inc., and Jora Credit Holdings, LLC (respectively and collectively referred to as the "Defendants"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal

1 Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788, which prohibits debt collectors from calling a debtor repeatedly or continuously to annoy the debtor, or with such frequency as to be unreasonable or constitute harassment. The RDFCPA also incorporates the Fair Debt Collection Practices Act which on 15 U.S.C. §1692d prohibits conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt.

3. Count III of Plaintiff's Complaint is based upon the common law tort of Intrusion upon Seclusion, as described in §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

4. Count IV of Plaintiff's Complaint is based upon §3294 which allows for the recovery of exemplary damages when "the defendant has been guilty of oppression, fraud, or malice".

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. §§1331, 1367(a), and 47 U.S.C. §227.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. Defendants transact business in this District; therefore, personal jurisdiction is established.

## PARTIES

8. Plaintiff is a natural person residing in Los Angeles, California.

9. Defendants are "debt collectors" as defined by Cal. Civ. Code §1788.2(c).

10. Defendant Jora Inc. is a Delaware corporation with principal place of business located at 7701 Las Colinas Ridge, Suite 650, Irving, TX 75063.

11. Defendant Jora Credit Holdings, LLC is a Delaware company which can be served upon its registered agent Corporation Service Company, located at 251 Little Falls Dr., Wilmington, DE 19808.

12. Upon information and belief, Defendant Jora Credit Holdings, LLC contacts debtors of Jora Inc. in attempts to collect debts owed to Jora Inc. or is otherwise personally and directly involved in Jora Inc.'s collection attempts.

13. The debt(s) that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

14. During the course of their attempts to collect debts, Defendants send to debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendants are attempting to collect a consumer debt from Plaintiff.

17. In or around late July of 2018, Plaintiff applied for a loan of $2,600 from Defendants.

18. On or around July 28, 2018, Defendants approved Plaintiff's application for a loan of $2,600 with an annual interest rate of 182.82%.

19. On or about September 14, 2018, in an attempt to collect Plaintiff's debt, Defendants began placing calls to her cellular phone number, ending in 7352.

20. Upon information and belief, Defendants called Plaintiff using the numbers (818) 482-2605, (818) 482-2616, and (818) 482-2631.

21. Upon information and belief, those numbers are owned or operated by

1 Defendants.

2     22.    On or about September 17, 2018, at approximately 12:36 pm Plaintiff received a call from the number (818) 482-2631, later identified as belonging to Defendants.

    23.    After picking up the call, Plaintiff heard a series of clicks or tones, and there was an unusually long delay before Defendants' representative began speaking, indicative of the use of an automatic telephone dialing system.

    24.    Defendants' representative identified herself as "Mirta" and informed Plaintiff that she was attempting to collect a debt.

    25.    During that call, Plaintiff unequivocally revoked consent to be called. Plaintiff asked the representative to stop calling her.

    26.    Additionally, Plaintiff told the representative that she was working with a debt settlement company who themselves would be contacting the representative.

    27.    Upon information and belief, thereafter Plaintiff's debt settlement company contacted Defendants.

    28.    Defendants continued to call Plaintiff despite her request that Defendants stop calling her.

    29.    Between the time that Plaintiff revoked consent to be called on September 17, and October 3, 2018, —only 14 days— Defendants called Plaintiff approximately **twenty-five (25) times**.

    30.    On or about October 3, 2018, at approximately 5:36 pm Plaintiff received a call from the number (818) 482-2605, later identified as belonging to Defendants.

    31.    After picking up the call, Plaintiff heard a series of clicks or tones and noted an unusually long delay before Defendants' representative began speaking, indicative of the use of an automatic telephone dialing system.

    32.    Defendants' representative identified himself as "Najea" and informed Plaintiff that the purpose of the call was to collect the debt incurred by Plaintiff.

    33.    During that call, Plaintiff unequivocally revoked consent to be called for a

second time. Plaintiff asked Najea to stop calling her, to which he replied that he could see a note entered by another representative where Plaintiff had requested the calls to stop, but that Defendants would keep calling to make Plaintiff pay.

34. Notwithstanding Plaintiff's second request to stop calling her, and as threatened by Najea, Defendants continued to call Plaintiff relentlessly.

35. Since the time that Plaintiff revoked consent to be called on October 3, 2018, Defendants called Plaintiff an additional **sixty-five (65) times**, approximately.

36. Many times, Defendants called Plaintiff multiple times a day. For example, Defendants called Plaintiff no less than 5 times on October 8 and 9, no less than 4 times on October 2 and 17, and no less than 3 times on September 26 and 28, October 3, 15, 18, 24, 25, 26, 29 and 30, and many more days Defendants called Plaintiff twice.

37. Defendants called Plaintiff almost every day.

38. In total, Defendant called Plaintiff approximately **NINETY (90) TIMES in violation of the TCPA, about sixty-five (65) times after Plaintiff had revoked twice**.

39. Upon information and belief, all of Defendants calls to Plaintiff were made by an automatic telephone dialing system ("ATDS").

40. The Ninth Circuit has recently ruled that an ATDS "means equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018).

41. Defendants are familiar with the TCPA and the RFDCPA.

42. Defendants' conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

43. Defendants' conduct as described above was intended to harass, annoy, coerce, and intimidate Plaintiff into paying the alleged debt or increasing the amount Plaintiff was willing to pay.

44. Specifically, Plaintiff reasonably believed that Defendants would never stop calling her because even after Plaintiff revoked consent twice Defendants still

continued to call them.

45. Even more, on the call on October 3, 2018, Defendants' representative blatantly told Plaintiff that even though there was a notation on their records indicating that Plaintiff had asked them to stop calling, they would continue to bombard her with calls to make Plaintiff pay.

46. Defendants caused Plaintiff's phone to ring repeatedly and continuously to annoy Plaintiff.

47. Defendants called Plaintiff with such frequency as to be unreasonable and to constitute a harassment of Plaintiff.

48. Defendants are guilty of oppression, fraud, or malice towards Plaintiff.

49. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain, and anguish.

50. Each and every one of Defendants' telephone calls caused Plaintiff distraction, temporary loss of use of her telephone line, annoyance and embarrassment.

51. Plaintiff also keeps her cellular phone with her and on at all times to be reachable by family members in case of need or emergency, and by clients in connection with Plaintiff's work.

52. Defendants' incessant calling occupied Plaintiff's phone line so that Plaintiff could not receive calls, especially from family members in need or from current or potential clients.

53. Defendants' calls interrupted Plaintiff's work and daily activities, by causing her to have to stop what she was doing to pick up her phone, check the number that was calling was not of a known work related caller, or of a family member, and silence the ringer, all of which caused a distraction to Plaintiff and alerted the people around her to the fact that Plaintiff was receiving constant phone calls.

54. Defendants' calls also interrupted Plaintiff at times that Plaintiff was meeting with clients.

55. Defendants' conduct induced stress, anxiety, and embarrassment.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. Defendants violated the TCPA. Defendants' violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and, as such, Defendants knowingly and/or willfully violated the TCPA.

58. Defendants willfully and knowingly violated the TCPA.

59. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B), (C).

60. Defendants are also liable to Plaintiff for declaratory judgment that their conduct violated the TCPA.

# COUNT II

## Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq.*

61. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

62. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendants violated Cal. Civ. Code §1788.17 by violating 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

   b. Defendants violated Cal. Civ. Code §1788.11(d), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . (d) Causing a telephone to ring repeatedly or continuously to annoy the person called;"

   c. Defendants violated Cal. Civ. Code §1788.11(e), which provides that "[n]o debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . . (e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances[;]"

63. Defendants acts, as described above, were done intentionally, with the purpose of harassing, abusing, annoying, coercing, intimidating, and oppressing Plaintiff to pay the alleged debt or increase the amount Plaintiff was willing to pay.

64. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

# COUNT III

## Defendants' Intrusion Upon Plaintiff's Seclusion

65. Plaintiff incorporates herein by reference all of the above paragraphs of this

complaint as though fully set forth herein at length.

66. Restatement (Second) of Torts §652B defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

67. Defendants intruded upon Plaintiff's seclusion. Defendants' violations include, but are not limited to, the following:

   a. Defendants intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in annoying and harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff having unequivocally revoked consent to be called.

   b. The number and frequency of the telephone calls to Plaintiff by Defendants constitute an intrusion on Plaintiff's privacy and solitude.

   c. Defendants' conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work, temporarily occupied Plaintiff's telephone line, and distracted Plaintiff and people around Plaintiff who were alerted that Plaintiff was constantly receiving phone calls.

   d. Defendants' conduct would also be highly offensive to a reasonable person as Defendants continued to call Plaintiff even after Plaintiff revoked, and specifically told Plaintiff that even though they had noted her first revocation they would not respect it and would continue to call Plaintiff to make her pay.

   e. Defendants' acts, as described above, were done intentionally with the purpose of coercing, oppressing, abusing, and harassing Plaintiff to pay the alleged debt or increase the amount Plaintiff was willing to pay.

68. As a result of Defendants' violations of Plaintiff's privacy, Defendants are liable to Plaintiff for actual damages.

69. If the Court finds that the conduct is found to be egregious, Plaintiff may also recover punitive damages.

## COUNT IV

### Exemplary Damages

70. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

71. Section 3294 of the California Civil Code states that a plaintiff "may recover damages for the sake of example and by way of punishing the defendant" when the defendant "breach[ed] an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice". Cal. Civ. Code §3294(a).

72. Defendants' violated their obligations not to harass, abuse, annoy, coerce, intimidate, or oppress Plaintiff, which obligations do not arise from contract but from statutes (TCPA and RFDCPA) and common law (Intrusion upon seclusion).

73. Defendants are guilty of oppression, fraud, or malice towards Plaintiff.

74. Therefore, Defendants are liable to Plaintiff for exemplary damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff J'Vaughn Aubry respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the TCPA and the RFDCPA;

B. Statutory damages pursuant to 47 U.S.C. §§227(b)(3)(B), (C);

C. Actual damages pursuant to Cal. Civ. Code §1788.30;

D. Statutory damages pursuant to Cal. Civ. Code §1788.30;

E. Actual damages for intruding upon Plaintiff's seclusion;

F. Punitive damages for intruding upon Plaintiff's seclusion;

1  G. Exemplary damages pursuant to Cal. Civ. Code §3294(a);

2  H. Costs and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30;

3  I. Awarding Plaintiff any pre-judgment and post-judgment interest as may be
4  allowed under the law; and

5  J. Any other relief that this Court deems appropriate.

6  Respectfully submitted this 17th day of December 2018,

By: */s/ Brian J. Brazier*
Brian J. Brazier
*Attorneys for Plaintiff,
J'Vaughn Aubry*